IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:23-CV-902-FL

WILLIAM D. WOOLENS,                    )
                                       )
                    Plaintiff,         )
                                       )
        v.                             )
                                       )
KYLE ABRAMS,                           )                    ORDER
                                       )
                    Defendant.         )
                                       )
                                       )
                                       )

This matter is before the court for review of plaintiffs' pro se complaint (DE 1) pursuant to 28 U.S.C. § 1915(e). United States Magistrate Judge Kimberly A. Swank entered order granting plaintiffs' motion to proceed in forma pauperis and memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), wherein it is recommended that plaintiffs' complaint be dismissed. Plaintiffs did not file objections to the M&R, and the time within which to make any objection has expired. In this posture, the issues raised are ripe for ruling.

Upon a careful review of the M&R, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Because no objections have been filed, the court reviews the magistrate judge's findings and conclusions only for clear error, and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

Here, the magistrate judge recommends that plaintiffs' claims for breach of contract be dismissed for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Upon careful review of the M&R, the court finds no clear error. Plaintiff does not identify a basis for this court's exercise of subject matter jurisdiction. Further, upon review of the complaint for the purpose of discerning any possible basis, plaintiff does not raise a federal question, see 28 U.S.C. § 1331, and he alleges that both he and defendant reside in Wilmington, North Carolina, see 28 U.S.C. § 1332(a).

The court hereby ADOPTS that part of the M&R recommending dismissal of plaintiff's claims for lack of subject matter jurisdiction as its own. For the reasons stated therein, plaintiffs' claims are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. The clerk is DIRECTED to close this case.

SO ORDERED, this the 27th day of June, 2023.

LOUISE W. FLANAGAN
United States District Judge